UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEZIGN NA, LLC and JEREMY KEITH RITTER,

                     Plaintiffs,

            -v.-

SEAMLESS CAPITAL GROUP LLC, UNITED FUND USA, LLC, LIBERTAS FUNDING, LLC, CLOUDFUND LLC, MEGED FUNDING GROUP CORP., and JOHN and JANE DOE DEFENDANTS,

                     Defendants.

22 Civ. 10098 (JHR)

ORDER OF DISMISSAL

---

JENNIFER H. REARDEN, District Judge:

       The U.S. Supreme Court and the Second Circuit have long recognized the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *see Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30.

       Since January 2023, Plaintiffs have repeatedly ignored the Court's directives. *See* ECF No. 24 (July 19 Order). In addition, Plaintiffs have failed to make any filings or otherwise indicate that they wish to prosecute this action, despite numerous opportunities provided by the Court. *See id.* And although Plaintiffs commenced this action nearly nine months ago—on November 29, 2022—they have not filed proof of service as to any of the Defendants (and several of the Defendants have not appeared).

       On March 31, 2023, the Court warned Plaintiffs that, absent "any communication from Plaintiffs by April 12, 2023, showing good cause why . . . service was not made," the Court

"may dismiss the claims against Defendants United Fund USA, LLC, Libertas Funding, LLC, and Cloudfund LLC without further notice." ECF No. 22 (Mar. 31 Order). Plaintiffs did not respond. On July 19, 2023, after granting on default the motion of Defendant Meged Funding Group Corp. ("Meged") to stay and to compel arbitration, the Court further cautioned that, "[a]bsent a showing of good cause by Plaintiffs for their failure to comply with the Court's orders, by August 8, 2023, Plaintiffs' claims (and Plaintiffs' motion for injunctive relief at ECF No. 6) as to all other Defendants [other than Meged] . . . will be dismissed for failure to prosecute." July 19 Order. Plaintiffs have not responded to that Order.

"Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Carr v. Canty*, No. 10 Civ. 3829 (BSJ) (KNF), 2011 WL 1641439, at *1 (S.D.N.Y. Apr. 28, 2011) (citation omitted). In considering a Rule 41(b) dismissal, courts weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Applying these factors, the Court concludes that dismissal of Plaintiffs' claims is warranted. *See id.*

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004). Plaintiffs' apparent unwillingness to comply with the Court's orders and their delay of more than seven

months in prosecuting this case favor dismissal. *See*, *e.g.*, *Chira*, 634 F.2d at 666 (affirming dismissal "given [plaintiff's] complete intransigence in the face of a clear court order" over the course of six months); *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (holding delay justified dismissal where plaintiff had "proffered no explanation for her apparent abandonment of her case, nor . . . made any attempt to contact th[e] Court or [the] defendant" for six months). Second, Plaintiffs were "on notice" that their claims and motion for injunctive relief "w[ould] be dismissed for failure to prosecute this action." July 19 Order; *see* Mar. 31 Order; *Lucas*, 84 F.3d at 535; *see*, *e.g.*, *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 468 (2d Cir. 2013) (holding that notice factor favored dismissal where the court's scheduling order expressly stated that "failure to comply with [the scheduling order's] procedures will result in denial of [the execution] motion without further accommodations" and that "failure to appear on time will result in denial of [the execution] motion").

Third, Defendants "are likely to be prejudiced by further delay in the proceedings." *Lucas*, 84 F.3d at 535. Although "[p]rejudice may be presumed as a matter of law in certain cases," "the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256. Here, Plaintiffs have not made any filings or abided by any of the Court's orders since January 5, 2023, when the parties stipulated to adjourn a hearing on Plaintiffs' temporary restraining order. *See* ECF No. 16. Moreover, on April 3, 2023, Defendant Seamless Capital Group LLC ("Seamless") informed the Court that "Dezign [had] not further communicate[d] with Seamless" in response to Seamless's communication in late January 2023, and that it had "no information on whether Dezign continues to seek a TRO more than three months after filing its 'emergency' application (ECF Doc. 6) or even continue this case." ECF No. 23. Because Plaintiffs' "inaccessibility has delayed this case for . . . months," and this delay is "inexcusable," "prejudice is presumed." *Caussade v. United States*, 293 F.R.D. 625, 630-31

3

(S.D.N.Y. 2013) (holding that prejudice was presumed where plaintiff was inaccessible and caused "at least a seven-month delay in prosecuting this action"); *see Hibbert*, 2000 WL 977683, at *3 (holding that "plaintiff's delay [was] neither moderate nor excusable" and presuming prejudice to defendant where "[t]he record [was] devoid of any explanation for plaintiff's complete inaction and failure to respond . . . for over six months").

Fourth, dismissal is warranted based on "a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard." *Lucas*, 84 F.3d at 535. "Conduct such as occurred here," where Plaintiffs have effectively abandoned their case, "can impose serious costs on adversaries, on parties to other matters before the court who may find their scheduling disrupted or decisions delayed, and on the efficiency with which the district court addresses its business." *Mitchell*, 708 F.3d at 468; *see Wilson v. Oxford Health Plans (N.Y.), Inc.*, No. 01 Civ. 3417 (MHD), 2002 WL 1770813, at *3 (S.D.N.Y. July 31, 2002). Finally, "a sanction less drastic than dismissal" would not be appropriate. *Lucas*, 84 F.3d at 535. In more than seven months, Plaintiffs have not shown any interest in prosecuting this case—by "request[ing] additional time to litigate [their] . . . claims," for example, or by "represent[ing] that [they were] prepared to prosecute those claims diligently." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 196 (2d Cir. 1999).

For the foregoing reasons, it is hereby ORDERED that Plaintiffs' claims against Defendants Seamless Capital Group LLC, United Fund USA, LLC, Libertas Funding, LLC, Cloudfund LLC, and John and Jane Does are dismissed for failure to prosecute. In accordance with the July 19 Order, Plaintiffs' claims against Meged Funding Group Corp. shall be stayed pending arbitration. The Clerk of Court is directed to terminate Plaintiffs' motion for a temporary restraining order and preliminary injunction as to Defendant Seamless Capital Group LLC at ECF No. 6, and to dismiss Defendants Seamless Capital Group LLC, United Fund USA,

LLC, Libertas Funding, LLC, Cloudfund LLC, and John and Jane Does from the above-captioned action.

      SO ORDERED.

Dated: August 25, 2023
       New York, New York

_____
JENNIFER H. REARDEN
United States District Judge